UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-MC-80201-BLOOM/VALLE

THE DHA CORPORATION,

    Plaintiff,

v.

BRC OPERATING CO., LLC d/b/a
HAGELIN FLAVORS), and HAGELIN
& COMPANY (d/b/a HAGELIN FLAVOR
TECHNOLOGIES, INC.),

    Defendants/Third-party Plaintiffs,

v.

    DIDIER HARDY,

    Third-party Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## NON-PARTY GINA CIERI'S MOTION TO QUASH DEFENDANTS'
## SUBPOENA AND FOR A PROTECTIVE ORDER TO LIMIT DISCOVERY

THIS MATTER is before the Court on Non-party Gina Cieri's ("Cieri") Motion to Quash Defendants' Subpoena and for a Protective Order to Limit Discovery ("Motion") (ECF No. 1). United States District Judge Beth Bloom has referred this matter to the undersigned for appropriate disposition. (ECF No. 6). The Court has reviewed Cieri's Motion, Defendants BRC Operating Co., LLC and Hagelin & Company's Response (ECF No. 12), and Cieri's Reply (ECF No. 20), and is otherwise duly advised in the premises. For the reasons set forth below, Cieri's Motion is **GRANTED IN PART AND DENIED IN PART.**

    I.    **BACKGROUND**

This is a miscellaneous action to quash (or enter a protective order against) a subpoena served in this District on non-party Gina Cieri in connection with litigation pending in the Northern

1

District of Georgia.  *See The DHA Corp. v. BRC Operating Co., LLC, et al.*, No. 13-CV-03186-WBH (N.D. Ga.).  As relevant here, Defendants BRC Operating Company, LLC and Hagelin & Company ("Defendants") have filed counterclaims against Plaintiff The DHA Corporation ("DHA") and Third-Party Defendant Didier Hardy ("Hardy").  The gist of the counterclaims is that DHA and Hardy allegedly misappropriated Defendants' trade secrets and created Florida Flavors and Concentrates, Inc. ("Florida Flavors") "to compete with [Defendants] . . . in connection with supplying cola products to Brazilian customers Sul America and Amazon Flavors."  (ECF No. 12 at 1).

On January 30, 2015, Defendants served a subpoena in this District for a deposition and production of documents on non-party Cieri, who was Florida Flavors' corporate treasurer, general manager, and registered agent.  (ECF No. 1-3).  According to Defendants, obtaining information from Cieri is crucial to their counterclaims because, not only was Cieri involved in Florida Flavors, but she also was the very person who notified Defendants that one of Florida Flavors' employees "had Defendants' confidential information on his Florida Flavors computer."  (ECF No. 12 at 4-5). Cieri also happens to be Hardy's wife.

On February 2, 2015, Cieri filed a motion to quash or for a protective order against Defendants' subpoena.  (ECF No. 1).  Counsel for Defendants and Cieri subsequently cooperated to resolve many of the issues raised by the motion.  *See* (ECF Nos. 13, 15 and 17).  According to Cieri, the only unresolved issues are: (1) whether Requests Numbers 1, 2, 4, 5, 6, 8, 9, 11, and 12 in Defendants' subpoena should be amended to specifically exclude information protected from disclosure under Florida's husband-wife privilege; (2) whether Request Number 12 should be quashed as redundant;[1] and (3) whether Cieri should be compensated for responding to the

---

[1] Although Cieri cites Request Number 10 in her papers, the request that she quotes is actually Request Number 12, which concerns a USB drive.  *Id.* at 4, n.2.  The Court will thus construe Cieri's argument as addressing Request Number 12.

subpoena and awarded attorney's fees and costs under Federal Rule of Civil Procedure 45. (ECF No. 20 at 4-5).

## II. DISCUSSION

### A. Florida's Husband-Wife Privilege

Cieri argues that Requests Numbers 1, 2, 4, 5, 6, 8, 9, 11, and 12 in Defendants' subpoena should be amended to explicitly exclude information protected from disclosure under Florida's husband-wife privilege.[2] (ECF No. 20 at 4). In response, Defendants contend that their document requests already exclude privileged documents. (ECF No. 12 at 7). Nonetheless, Defendants are concerned that Cieri may attempt to use the marital privilege to shield properly discoverable evidence. *Id.* According to Defendants, both "(i) communications between Cieri, acting in her capacity as an officer and/or employee of Florida Flavors, and Hardy, acting as President of Florida Flavors, and (ii) communications on which third parties (such as other business associates, customers, and suppliers) were included are . . . not protected by the spousal privilege." *Id.* at 7-8. The Court agrees with Defendants.

Under Florida Statute § 90.504(1), "[a] spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife." FLA. STAT. § 90.504(1) (emphasis added). Although private communications between spouses are generally presumed to be confidential, that presumption may be rebutted by various factors, "including the nature of the message and the circumstances under which it was delivered." *Hanger Orthopedic Grp., Inc. v. McMurray*, 181 F.R.D. 525, 530 (M.D. Fla. 1998) (citing CHARLES W. EHRHARDT, FLORIDA EVIDENCE, § 504.3 (1997 ed.) and MCCORMICK ON EVIDENCE, § 80 (4th

---

[2] The parties agree that Florida law applies to Cieri's privilege claims. *See* (ECF No. 1-2 at 4) and (ECF No. 12 at 7-8).

3

ed.1992)); *see also Tropical Mktg. & Consulting, LLC. v. Glock, Inc.*, No. 6:12-CV-1388-ORL-36, 2012 WL 5431002, at *4 (M.D. Fla. Nov. 7, 2012) (citation omitted).

For instance, the presumption of confidentiality is generally rebutted as to business-related communications between spouses who are business associates. *See Hanger Orthopedic Grp., Inc.*, 181 F.R.D. at 530-31 (citing *G–Fours, Inc. v. Miele*, 496 F.2d 809, 813 (2d Cir. 1974) (holding that a wife was not entitled to assert New York's husband-wife privilege because the "questions posed to her dealt with business matters that either were not confidential or, if deliberate efforts were made to conceal them to prevent execution of judgment [by the husband's judgment creditors], were not privileged even if the parties intended them to be confidential"). In *Hanger Orthopedic Group, Inc.*, the court overruled objections to a magistrate judge's order compelling a husband to answer various deposition questions concerning business conversations he had with his wife about the formation of their business. 181 F.R.D. at 525. The court concluded that, because the wife was the incorporator, director, majority shareholder, and president of the business, "no reasonable person could believe that the [spouses'] discussions relating to the formation and business of the corporation were made in confidence." *Id.* at 525-26.

Similarly, in *In re Southern Air Transport, Inc.*, 255 B.R. 706 (Bankr. S.D. Ohio 2000), the court compelled a widow to testify "as to any business related conversations" with her deceased husband about his corporation under Florida law. *Id.* at 713. In doing so, the court found that because the wife had been an employee of the business, "[i]t would be improper to shield non-confidential conversations between 'business associates' about business matters solely based on the fact that the 'business associates' are also married." *Id.*; *see also* MCCORMICK ON EVID. § 80 (7th ed.) ("To cloak [business-related communications between spouses] with privilege when the transactions come into litigation would be productive of special inconvenience and injustice."). That being said, the court also found that to the extent any "conversations only took place based on

4

the marital relationship," the privilege would "apply to those conversations." *In re S. Air Transp., Inc.*, 255 B.R. at 713.

The same principles apply in this case. Given that Cieri and Hardy were business associates with respect to Florida Flavors, any business-related communications between them may not be shielded from discovery as privileged marital communications, "unless specific circumstances show the conversations to have been confidential in nature." *Id.* (citation omitted). By the same token, to the extent Cieri is properly withholding any information responsive to Defendants' subpoena as privileged, Cieri must prepare a privilege log in accordance with Federal of Civil Procedure Rule 45. Specifically, Rule 45(e)(2)(a) requires Cieri to: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."[3]

For these reasons, Cieri's motion to require Defendants to amend their subpoena to explicitly exclude information protected from disclosure under Florida's husband-wife privilege is denied.

---

[3] As this Court has explained, a privilege log "should identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *5 (S.D. Fla. Sept. 12, 2014) (citing *In re Denture Cream Prods. Liab. Litig.*, No. 09–2051–MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct.18, 2012)). Specifically, a proper privilege log should contain the following information for each withheld document:

> (1) the name and job title or capacity of the author of the document;
> (2) the name and job title or capacity of each recipient of the document;
> (3) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s);
> (4) the title and description of the document;
> (5) the subject matter addressed in the document;
> (6) the purpose(s) for which it was prepared or communicated; and
> (7) the specific basis for the claim that it is privileged.

*Id.* (citation omitted).

### B. Request Number 12

Next, Cieri asks the Court to quash Request Number 12 in Defendants' subpoena because it is purportedly redundant. (ECF No. 20 at 4). Specifically, Request Number 12 seeks "[a]ny and all documents that reflect, refer, or relate to the USB drive or documents located on said drive provided by you to the principals of BRC Operating Co., LLC and Hagelin & Company." (ECF No. 1-3 at 12). Cieri argues that this request is redundant because "[t]he USB in question had been provided to Defendants in 2012 and Defendants produced the entire USB as part of their production." (ECF No. 20 at 4, n.2); *see also* (ECF No. 1-2 at 15). Defendants, for their part, do not dispute that they already possess the USB drive that is the subject of Request Number 12. (ECF No. 12 at 9-10). Moreover, Defendants do not mention the USB drive anywhere in their response.

Accordingly, given that Defendants already possess the USB drive that is the subject of Request Number 12, the Court finds that the request is duplicative and redundant. Cieri's motion to quash Request Number 12, therefore, is granted.

### C. Cieri is not Entitled to Compensation or Attorney's Fees

Finally, Cieri asks the Court to order Defendants to compensate her for her time in responding to the subpoena and to pay her attorney's fees and costs under Federal Rule of Civil Procedure 45. (ECF No. 20 at 4-5). Although Cieri has attached an affidavit in support of her request for compensation, *see* (ECF No. 1-5), Cieri has not shown that Defendants failed to "take reasonable steps to avoid imposing undue burden or expense" on her under Rule 45(d)(1). Accordingly, Cieri's request for compensation and attorney's fees and costs is denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Cieri's Motion to Quash Defendants' Subpoena and for a Protective Order to Limit Discovery (ECF No. 1) is

**GRANTED IN PART AND DENIED IN PART** as follows:

(1)     Cieri's motion to require Defendants to amend their subpoena to explicitly exclude information protected from disclosure under Florida's husband-wife privilege is **DENIED**.

(2)     Cieri's motion to quash Request Number 12 as redundant is **GRANTED**.

(3)     Cieri's motion for compensation and attorney's fees in responding to the subpoena is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on June 15, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record